CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKO
JUN 26 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL BUCHANAN,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00296 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LENIS PHIPPS, et al.,** | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Michael Buchanan, #287618, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleges that, in February 2003, while he was housed at Keen Mountain Correctional Center ("KMCC") in Oakwood, Virginia,[1] defendants violated his constitutional rights by infecting him with hepatitis C. He seeks $19,500,000 in damages and injunctive relief in the form of court-ordered treatment. Upon review of the record, the court concludes that plaintiff has not stated a claim upon which relief can be granted and, therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2] Additionally, the court will deny petitioner's request for injunctive relief.

I.

Plaintiff alleges that the defendants infected him with "the 'deadly hepatitis C virus[]' on or about February 2003," when a "fingersticking device . . . designed to be used by a single person 'not multiple uses,' . . . caused . . . plaintiff to be infected with this deadly 'life taking disease' . . . ." He

---

[1] Plaintiff is presently housed at Powhatan Correctional Center ("Powhatan") in State Farm, Virginia.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

maintains that the defendants "are guilty of conspiracy to deprive" him of his constitutional rights.[3] All of his allegations concern the alleged transmission of the virus in February 2003 when he was incarcerated at KMCC; plaintiff states no allegations concerning his medical treatment or his present status at Powhatan. According to plaintiff, in August 2003 he filed a grievance at KMCC concerning the instant complaint. He states the following result of that grievance: "Transferred to Powhatan grievance time expired." He adds that he appealed the grievance, which was "denied/upheld." Furthermore, plaintiff states that, in May 2004, he filed a lawsuit in the Circuit Court of Buchanan County, Virginia against defendants Phipps, Gilbert, and Schilling; he adds that the lawsuit was dismissed and that he then "attempted to file criminal charges in U.S. court but was told to file a 1983 action."

## II.

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Additionally, the

---

[3] Plaintiff names the following defendants: Lenis Phipps, a nurse at KMCC; Gene Johnson, the Director of the Virginia Department of Corrections ("VDOC"); Noell Shaw-Bell, an Assistant Attorney General of Virginia; Bob McDonald [sic], Attorney General of Virginia; Mary Gilbert, Head Nurse at KMCC; and Fred Schilling, Director of Health Services for VDOC.

Supreme Court of the United States has recently recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as failing to state a claim upon which relief may be granted, pursuant to § 1915A. See Todd v. Baskerville, 712 F.2d 70 74 (4th Cir. 1983) (court may dismiss based on affirmative defense under predecessor statute).

After review of plaintiff's factual contentions, the court finds that plaintiff is barred from bringing suit under § 1983 because his claim arose more than two years prior to the date the complaint was filed. As the court has already observed, plaintiff states that, regarding the events he raises in the instant complaint, he filed a grievance in August 2003 and a lawsuit in state court in

May 2004. Thus, the very latest date when plaintiff's claim could have accrued is May 2004.[4]

Accordingly, the complaint is barred by the statute of limitations, is clearly no longer actionable under § 1983, and must be dismissed, pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

### III.

In his complaint, plaintiff indicates that he wants the court to grant injunctive relief in the form of court-ordered treatment. However, he states no facts or allegations concerning the medical treatment of his condition. He does not indicate what medical treatment he seeks, nor does he allege that he has been denied any requested or physician-recommended course of treatment.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively, Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991), and courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling

---

[4] It is clear, however, that plaintiff knew of the claims at issue in the instant complaint when he filed his grievance in August 2003.

4

circumstances, Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff alleges no facts indicating that his health is under any threat owing to the denial of a course of treatment, nor does he state what treatment he seeks, or even that there is an effective treatment for his condition for which he is eligible. Construing plaintiff's complaint liberally, any harm implied in his stated allegations is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Thus, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test. Accordingly, plaintiff's request for injunctive relief will be denied.[5]

## IV.

For the foregoing reasons, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, and his request for injunctive

---

[5] Insofar as plaintiff's request for injunctive relief could be construed to include a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

relief will be denied.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 26th day of June, 2006.

_/s/ Jackson L. Kiser_
Senior United States District Judge